STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
Nevada Bar No. 9635
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-116-JAD-(NJK) |
| Plaintiff, | |
| v. | United States Unopposed Motion for an Interlocutory Order of Sale of the Property and Order |
| SEAN CHRISTOPHER SLADEK, | |
| Defendant. | |

The United States respectfully moves this Court for an Order for an Interlocutory Sale of the following property listed in the Preliminary Order of Forfeiture (ECF No. 52): 2010 Black Audi S5, 2 door, Vehicle Identification Number: WAUCVAFR4AA040181, Nevada License Plate No. LVW9K0, registered Owner is Sean C. Sladek, and registered at 1172 Via Petrin, Henderson, Nevada, 89052 (property).

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service (USMS) to sell the property through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are: (1) Sean Christopher Sladek through his counsel, Richard Wright, agrees to the interlocutory sale; (2) the property is at risk for

further deterioration or decay; (3) the expenses of keeping the property will take away from the amounts that can be paid to victims; and (4) this Court is authorized to approve interlocutory sales. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 12th day of May, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

*/s/ Daniel D.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

**A. Procedural History**

On April 13, 2016, the Grand Jury returned a Four-Count Criminal Indictment (Indictment) charging Sean Christopher Sladek (Sladek) in Counts One and Two with Wire Fraud in violation of 18 U.S.C. § 1343; Counts Three and Four with Money Laundering in violation of 18 U.S.C. § 1957; and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 21 U.S.C. § 853(p). Indictment, ECF No. 15.

On May 10, 2017, Sladek pled guilty to Count One of Wire Fraud and the district court issued a Preliminary Order of Forfeiture (ECF No. 52) requiring Sladek to pay a criminal forfeiture money judgment of $2,638,143.26 and forfeit the 2010 Black Audi S5 and $2,206.07. Plea Agreement, ECF No. 51; Change of Plea Minutes, ECF No. 50.

Sentencing is scheduled for August 14, 2017 (ECF No. 50).

**B. Statement of Facts**

The United States has been in custody of the 2010 Black Audi S5 (property) since March 31, 2016, when the Federal Bureau of Investigation executed a civil forfeiture seizure warrant and took

the property into custody. On May 10, 2017, Sladek was ordered to forfeit the property in this criminal case (ECF No. 52).

On May 10, 2017, Sladek through his counsel, Richard Wright, agreed to the interlocutory sale.

The United States now requests this Court to authorize the USMS to sell the property through one of its approved methods. The purpose of the interlocutory sale is to liquidate the property to allow for easier USMS management by converting the property to cash to reduce the cost of maintaining the property and to avoid further depreciation.

The cost for the USMS to keep the vehicle is excessive. According to the USMS, it will cost $12 per day for indoor storage and maintenance of the vehicle. While the vehicle is in storage, it will further depreciate in value, and the expense of keeping the vehicle will reduce the amount that will be paid to the victims. If the government sells the vehicle, the vehicle will stop depreciating and the management expenses will not continue to accrue.

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).

/ / /

3

Two of these four reasons for the interlocutory sales apply in this case regarding the property. The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate to its fair market value. The United States may sell the property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). The USMS will sell the property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

### III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the 2010 Black Audi S5, 2 door, Vehicle Identification Number: WAUCVAFR4AA040181, Nevada License Plate No. LVW9K0, registered Owner is Sean C. Sladek, and registered at 1172 Via Petrin, Henderson, Nevada, 89052 for the following reasons: (1) Sean Christopher Sladek through his counsel, Richard Wright, agrees to the interlocutory sale; (2) the property is at risk for further deterioration or decay; (3) the expenses of keeping the property will take away from the amounts that can be paid to victims; and (4) this Court is authorized to approve interlocutory sales. Selling

/ / /

/ / /

/ / /

4

the property through this interlocutory sale will protect the property, preserve its value, and liquidate the property to allow for easier management of the asset.

Dated this 12th day of May, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

*/s/Daniel D.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: 5/15/2017

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on May 12, 2017.

                                              /s/ Michelle C. Lewis
                                              MICHELLE C. LEWIS
                                              Paralegal Specialist